UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THAO VAN LE,

                    Petitioner,

        v.

BRUCE SCOTT, *et al.*,

                    Respondents.

Case No. C26-1437RSM

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Thao Van Le's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the petition, the Return filed by the Government, Dkt. #5, a Traverse, Dkt. #8, and the remainder of the record. The following facts are taken from the verified petition and a declaration of a deportation officer. *See* Dkts. #1 and #6.

Petitioner is a Vietnamese refugee who came to the United States in 1988 at the age of 16 and became a lawful permanent resident in 1991. Dkt. #6 at 2. He was convicted of assault and battery in 1997, arrested for grand larceny in the fourth degree in 2007, and sent to jail or border patrol detention several times. *Id.* On Jun 28, 2010, he was ordered removed to Vietnam.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 1

*Id*. at 3. He has been detained several times based on that removal order, but the Government has been unable to remove him and he has been previously released because removal was not "reasonably foreseeable at that time." *Id*. at 4.

Most recently, Border Patrol detained Petitioner on December 6, 2025. He was transferred to the NWIPC on December 8, 2025. He has been detained these past 6 months.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that his continued detention violates the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id*. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). Determining whether an administrative procedure provides the process constitutionally due:

> generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 2

substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.* at 335.

In *Rodriguez Diaz v. Garland*, the Ninth Circuit assumed without deciding that *Mathews'* three-part test applies in "the immigration detention context." 53 F.4th 1189, 1206-07 (9th Cir. 2022). The Court will consider each *Mathews* factor in turn to determine whether Petitioner's arrest and detention comport with constitutional due process requirements. In so doing, the Court is mirroring the application of this test used by other judges in this District. *See, e.g., E.A. T.-B. v. Wamsley, et al.*, 795 F. Supp. 3d 1316 (W.D. Wash. Aug. 19, 2025).

Petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S. Ct. 2633, 159 L. Ed. 2d 578 (2004). That Petitioner was arrested, detained for over six months, and remains in custody undoubtedly deprives him of an established interest in his liberty.

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest. The Court agrees with Petitioner that the risk of erroneous deprivation of his liberty interest is high under the facts of this case unless the Government provides adequate notice of the reasons for his continued detention and a meaningful opportunity to respond.

In the final *Mathews* factor, the Court considers the Government's interest in arresting and detaining Petitioner without a hearing to determine flight risk or danger to the community. The Government clearly has an interest in detaining removable noncitizens under certain circumstances to the extent needed to ensure that they do not abscond or commit crimes. But where a Petitioner has been detained for over four months without any clear change in

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 3

circumstances and cannot be deported, the Government fails this factor.  There is no evidence on the record that he is a flight risk or danger to the community.  The Court finds that the Government's interest here is low.  *See also E.A. T.-B.*, *supra*.

Based on this review of the *Mathews* factors, the Court finds that Petitioner has a protected liberty interest in his continuing release from custody, and that due process requires that Petitioner receive proper notice and an opportunity to respond before he can be re-detained.

Petitioner has been held in detention for over six months.  Although there is no statutory time limit on detention pursuant to 8 U.S.C. § 1231(a)(6), the Supreme Court has held that a noncitizen may be detained only "for a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas*, 533 U.S. at 689.  The Supreme Court has further identified six months as a presumptively reasonable time to bring about a noncitizen's removal.  *Id*. at 701. Once it is determined that there is no significant likelihood of removal in the reasonably foreseeable future, noncitizens may be released on an Order of Supervision.  8 C.F.R. § 241.13(h).  This can be revoked on account of changed circumstances where there is a significant likelihood of the noncitizen's removal in the reasonably foreseeable future.  8 C.F.R. § 241.13(i)(2).

Respondents offer thin evidence that removal was or is "reasonably foreseeable."  For example, Respondents state that they received "Petitioner's valid, but expired passport for Vietnam," back in January but do not attach that document. Dkt. #5 at 5.  This directly conflicts with Petitioner's statement that he does not have a passport and fled Vietnam as a minor without any birth certificate or passport.  Furthermore, Respondents have had months to obtain a travel document for Petitioner and have failed to update the Court as to any progress on that front since filing the Return.  It is not clear to the Court how removal could be reasonably foreseeable

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 4

without a travel document in hand given the circumstances of this case.  Continued detention violates the law.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is GRANTED.  The Court ORDERS that Petitioner shall be released from custody **no later than June 11, 2026**, and may not be re-detained without adequate notice and a meaningful opportunity to respond.  Such notice must include the reasons for re-detention and, in this case, evidence that Respondents have obtained a travel document for Petitioner.

DATED this 10th day of June, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 - 5